Erica J. Van Loon (Bar No. 227712)
evanloon@nixonpeabody.com
Andrew H. Winetroub (Bar No. 291847)
awinetroub@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: (213) 629-6000
Fax: (213) 629-6001

David L. May (*Pro Hac Vice application forthcoming*)
dmay@nixonpeabody.com
Jennette W. Psihoules (*Pro Hac Vice application forthcoming*)
jpsihoules@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Plaintiff*
*Tim Teichert, Personal Representative of the Estate of Minerva Teichert*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| TIM TEICHERT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MINERVA TEICHERT,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, BRIGHAM YOUNG UNIVERSITY, BRIGHAM YOUNG UNIVERSITY MUSEUM OF ART, DESERET MANAGEMENT CORPORATION, DESERET BOOK COMPANY and LATTER-DAY HOME LLC,<br><br>Defendants. | **Case No.:** 8:23-cv-180<br><br>**COMPLAINT FOR:**<br><br>**1. Copyright Infringement under the Copyright Act (17 U.S.C. § 501(a));**<br><br>**2. False Endorsement and Unfair Competition Under the Lanham Act (15 U.S.C. § 1125(a));**<br><br>**3. Unfair Competition in Violation of California Statutory Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and**<br><br>**4. Unfair Competition in Violation of California Common Law**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tim Teichert, as Personal Representative of the Estate of Minerva Teichert ("**Plaintiff**" or the "**Teichert Estate**"), brings this complaint (the "**Complaint**") against Defendant The Church of Jesus Christ of Latter-day Saints, Defendant Brigham Young University, Defendant Brigham Young University Museum of Art, Defendant Deseret Management Corporation, Defendant Deseret Book Company and Defendant Latter-day Home LLC (collectively, "**Defendants**") for injunctive relief and monetary damages as well as such other relief as specified herein for (i) Copyright Infringement under the Copyright Act (17 U.S.C. § 501(a)); (ii) False Endorsement and Unfair Competition under the Lanham Act (15 U.S.C. § 1125(a)); (iii) Unfair Competition in Violation of California Statutory Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*.); and (iv) Unfair Competition in Violation of California Common Law and alleges as follows:

## INTRODUCTION

1.     Minerva Bernetta Kohlhepp Teichert ("**Minerva Teichert**") was a 20th-century American painter celebrated for her art depicting Western and religious subjects.

2.     Minerva Teichert was devoted to The Church of Jesus Christ of Latter-day Saints ("**The Church**") and her faith, and therefore many of Minerva Teichert's paintings tell stories of the Mormon religion.

3.     In complete disregard for Minerva Teichert's rights, and without authorization, Defendants, including The Church and its related or affiliated entities, knowingly reproduced, distributed and displayed Minerva Teichert's paintings without her or the Teichert Estate's permission.

4.     Defendants usurped and misappropriated not only Minerva Teichert's rights in her paintings but also her name and image for the purpose of profiting from the sale of unauthorized prints and other infringing products.

5.    Upon information and belief, Defendants' infringing prints and products have been sold all over the United States and particularly in this State and judicial district.

**PARTIES**

6.    Plaintiff Tim Teichert, an adult resident of the State of Wyoming, is the Personal Representative and Administrator of the Estate of Minerva Teichert, a Wyoming estate, with an address of P.O. Box 364, Cokeville, WY 83114. Plaintiff Tim Teichert was appointed Administrator of the Estate of Minerva Teichert on March 26, 2018 by the District Court, Third Judicial District, County of Lincoln, State of Wyoming.

7.    The Teichert Estate is informed and believes and on that basis alleges that Defendant The Church of Jesus Christ of Latter-day Saints is a Utah corporation with an address of 50 East North Temple, Salt Lake City, Utah 84150.

8.    The Teichert Estate is informed and believes and on that basis alleges that Defendant Brigham Young University ("**BYU**") is a Utah non-profit corporation and institution of higher education with an address of A357 ASB BYU, Provo, Utah 84602.

9.    The Teichert Estate is informed and believes and on that basis alleges that Defendant Brigham Young University Museum of Art ("**BYU Museum of Art**") is owned and operated by BYU and has an address of North Campus Drive, Provo, UT 84602.

10.    The Teichert Estate is informed and believes and on that basis alleges that Defendant Deseret Management Corporation ("**Deseret Management**") is a Utah corporation with an address of 55 North 300 West, Suite 800, Salt Lake City, UT 84101.

11.    The Teichert Estate is informed and believes and on that basis alleges that Defendant Deseret Book Company ("**Deseret Book**") is a Utah corporation with

an address of 55 North 300 West, P.O. Box 30178, Salt Lake City, UT 84101, is owned by Deseret Management and has four physical storefronts in the State of California, including in Costa Mesa, Redlands and Upland, California, which are located in this judicial district.

12.    The Teichert Estate is informed and believes and on that basis alleges that Defendant Latter-day Home LLC ("**Latter-day Home**") is an expired Utah limited liability company with an address of 845 W 2550 S Logan, Utah 84321 that was recently purchased by Deseret Management.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over the Teichert Estate's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Copyright Act, 17 U.S.C. § 501(a), and the Lanham Act, 15 U.S.C. § 1125(a).  In addition, supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

14.    The Teichert Estate is informed and believes and on that basis alleges that this Court has personal jurisdiction over Defendants because Defendants have regularly transacted, and continue to transact, business in this State; contract to supply goods and/or services in this State; are causing injury by acts in this State; and engage in other persistent courses of conduct and/or derive substantial revenue from goods used or consumed, or services rendered, in this State.

15.    The Teichert Estate is informed and believes and on that basis alleges that Defendants have sufficient minimum contacts with this State, through at least the significant promotion, advertising, marketing, offering for sale and sale of unauthorized Minerva Teichert prints and artwork within this State, such that this Court has personal jurisdiction over Defendants.

16.    The Teichert Estate is informed and believes and on that basis alleges that Defendant Deseret Book has multiple storefront locations in this State and

judicial district, including in Costa Mesa, Redlands and Upland, California, where it promotes, advertises, markets, offers for sale and/or sells unauthorized Minerva Teichert prints and artwork.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district, certain of the claims complained of herein arise out of or relate to contracts that oblige these parties to litigate disputes thereunder in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

### *Minerva Teichert and The Church*

18.    For the majority of her life, Minerva Teichert lived in Cokeville, Wyoming and attended religious services at The Church Ward Meetinghouse in Cokeville (the "**Cokeville Ward Meetinghouse**").

19.    Given her relationship with the Cokeville Ward Meetinghouse, Minerva Teichert entered into an oral agreement with the Cokeville Ward bishop, whereby Minerva Teichert agreed that The Church would be allowed to place four (4) of her original paintings, namely (i) *The Song of Quetzalcoatl*, (ii) *Relief Society Quilting*, (iii) *Cast Your Nets on the Other Side*, and (iv) *Handcart Pioneers* (collectively the "**Cokeville Paintings**") in the Cokeville Ward Meetinghouse.

20.    The placement of the Cokeville Paintings was conditioned upon the fact that if The Church ever decided to replace or remove the Cokeville Paintings from the Cokeville Ward Meetinghouse, the paintings would be returned to Minerva Teichert or her heir(s).

21.    From 1955 until 2014, the Cokeville Paintings were in the Cokeville Ward Meetinghouse.

22.    In 2014, The Church informed members of Minerva Teichert's family that it would first be relocating the painting *The Song of Quetzalcoatl*, and that it

would later relocate the other Cokeville Paintings to temples or other facilities or buildings of The Church.

23.    Minerva Teichert's family objected to the relocation of the Cokeville Paintings.

24.    Over those objections, The Church relocated *The Song of Quetzalcoatl* to the Star Valley Temple.

25.    In March or April of 2020, during the COVID-19 pandemic and at a time when the congregation was not able to visit the Cokeville Ward Meetinghouse in-person, The Church deceptively removed the remaining three Cokeville Paintings from the Cokeville Ward Meetinghouse, replacing them with corresponding prints of the same works, and relocated the originals to a different location.

26.    Since the removal of the Cokeville Paintings from the Cokeville Ward Meetinghouse, the Teichert Estate has learned that The Church has removed or relocated several other paintings by Minerva Teichert from their original placements without the authorization of Minerva Teichert or the Teichert Estate.

27.    The Teichert Estate believes that The Church has relocated additional paintings by Minerva Teichert without the authorization of Minerva Teichert or the Teichert Estate.

28.    The Teichert Estate has also discovered that, in addition to removing and relocating Minerva Teichert's original Cokeville Paintings from their original placements without Minerva Teichert's or the Teichert Estate's permission, The Church and/or one or more of its related or affiliated entities, has mass reproduced, distributed and/or sold prints or other reproductions of Minerva Teichert's paintings without authorization, and continues to do so.

29.    Minerva Teichert authored thousands of paintings throughout her lifetime, including the works referred to in this Complaint.

30.    Minerva Teichert died intestate on May 3, 1976 and was survived by her husband, Herman Teichert.

31.    Herman Teichert died intestate on November 25, 1982 and, subsequently, Plaintiff Tim Teichert, the grandson of Minerva Teichert and Herman Teichert, was appointed Administrator of the Estate of Minerva Teichert on March 26, 2018 and the Estate of Herman Teichert on March 7, 2018 by the District Court, Third Judicial District, County of Lincoln, State of Wyoming.

32.    As Administrator of the Teichert Estate and the Estate of Herman Teichert, Plaintiff Tim Teichert is authorized to act on behalf of the estates and to investigate, pursue and enforce rights in property owned by the estates, including Minerva Teichert's paintings and artwork, Minerva Teichert's rights in and to her name, image, photo and likeness and all related rights, created and acquired by Minerva Teichert during her lifetime.

### *The Teichert Estate's Registered Copyrights and Other Rights*

33.    The Teichert Estate is the owner of any and all intellectual property rights, including without limitation any and all copyrights, in and to Minerva Teichert's paintings created by her during her life and any and all rights in and related to the use of Minerva Teichert's name, image, photo and likeness.

34.    In particular, the Teichert Estate is the owner of, *inter alia*, the artworks set forth in the following U.S. Copyright Registrations (copies of the registration certificates and associated deposit materials are set forth hereto in **Exhibit A**) (hereinafter the "**Registrations**" and the "**Registered Works**", respectively):

| **Title of Registered Work** | **Registration No.** | **Effective Date of Registration** | **Image of Registered Work** |
|---|---|---|---|
| *Christ in the Red Robe* | VAu 1-422-606 | 01/21/2021 |  |
| *Queen Esther (I)* | VAu 1-426-196 | 03/18/2021 |  |
| *Queen Esther (II)* | VAu 1-426-210 | 03/18/2021 |  |
| *Rescue of the Lost Lamb* | VAu 1-426-204 | 03/18/2021 |  |

8
COMPLAINT

| | | | |
|---|---|---|---|
| *Handcart Pioneers* | VAu 1-429-203 | 04/22/2021 |  |
| *Relief Society Quilting* | VAu 1-429-202 | 05/03/2021 |  |
| *Cast Your Nets on the Other Side* | VAu 1-429-222 | 04/22/2021 |  |

| | | | |
|---|---|---|---|
| *Isabella Gastanaga 1941* | VAu 1-482-949 | 04/29/2021 |  |
| *Not Alone 1920* | VAu 1-482-933 | 04/29/2021 |  |
| *Beasley Pioneer Band 1941* | VAu 1-482-913 | 04/29/2021 |  |
| *Handcart Pioneers 1930* | VAu 1-482-963 | 04/29/2021 |  |
| *Madonna of 1847 (Madonna at Dawn) 1935* | VAu 1-482-647 | 04/29/2021 |  |

COMPLAINT

| | | | |
|---|---|---|---|
| *Washday on the Plains 1938* | VAu 1-482-954 | 04/29/2021 |  |
| *Jesus with Mary and Martha 1941* | VAu 1-482-929 | 04/29/2021 |  |
| *The Miracle of the Gulls 1935* | VAu 1-482-656 | 04/29/2021 |  |
| *Herding Cattle Across the River 1956* | VAu 1-482-950 | 04/29/2021 |  |
| *Betty and the Seagulls 1936* | VAu 1-480-655 | 05/03/2021 |  |

| | | | |
|---|---|---|---|
| *Christ and the Children 1947* | VAu 1-480-657 | 05/03/2021 |  |
| *Ella Hickman Kohlhepp with Grandchildren 1921* | VAu 1-480-654 | 05/03/2021 |  |
| *Man with the Red Tie 1916* | VAu 1-480-656 | 05/03/2021 |  |
| *Weavers 1935* | VAu 1-480-660 | 05/03/2021 |  |

COMPLAINT

| | | | |
|---|---|---|---|
| *Mounted Hunt 1949* | VAu 1-481-780 | 05/03/2021 |  |
| *Indian Captives at Night 1939* | VAu 1-481-779 | 06/22/2022 |  |
| *Night Raid 1941* | VAu 1-481-781 | 05/03/2021 |  |
| *The Courting Dance 1936* | VAu 1-481-782 | 05/03/2021 |  |
| *Indian Basket and Pottery Makers 1935* | VAu 1-481-784 | 05/03/2021 |  |

COMPLAINT

| | | | |
|---|---|---|---|
| *Four Horsemen of the Apocalypse 1941* | VAu 1-481-941 | 05/03/2021 |  |
| *Jackson Trail 1936* | VAu 1-481-945 | 05/03/2021 |  |
| *The Trappers Cache 1934* | VAu 1-481-947 | 05/03/2021 |  |
| *Moving South 1949* | VAu 1-481-948 | 05/03/2021 |  |
| *Handcart Pioneers at the Waterfall 1940* | VAu 1-481-950 | 05/03/2021 |  |

14
COMPLAINT

*__Defendants' Infringing and Unlawful Activities__*

***The Church***

35.    The Church of Jesus Christ of Latter-day Saints, also known as the LDS Church and the Mormon Church, is a nontrinitarian Christian church with over 16 million members that has established congregations and temples worldwide.

36.    The Church has a Church History Museum that features information, exhibits, programs, and events, among other things, relating to The Church and important historical and spiritual individuals and figures of the Latter-day Saint faith.

37.    At the very least, through the Church History Museum store, The Church offers giclée prints of famous Latter-day Saint artwork for purchase, including prints of paintings by Minerva Teichert.

38.    For example, the following works are offered for sale and sold via the Church History Museum store's online catalog: *Christ in the Red Robe*, *Rescue of the Lost Lamb*, *Beasley Pioneer Band*, *Handcart Pioneers*, *Madonna of 1847*, *Betty and the Seagulls*, and *Christ and the Children* (collectively, the "**Disputed Church Works**") (screenshots from The Church History Museum store's online catalog showing the Disputed Church Works for purchase are attached hereto as **Exhibit B**).

39.    The following is a chart comparing the Disputed Church Works to the relevant Registered Works:

| Title of Registered Work | Registration No. | Registered Work | Disputed Church Work |
|---|---|---|---|
| *Christ in the Red Robe* | VAu 1-422-606 |  |  |



| | | |
|---|---|---|
| *Rescue of the Lost Lamb* | VAu 1-426-204 | |
| *Beasley Pioneer Band 1941* | VAu 1-482-913 | |
| *Handcart Pioneers 1930* | VAu 1-482-963 | |
| *Madonna of 1847 (Madonna at Dawn) 1935* | VAu 1-482-647 | |
| *Betty and the Seagulls 1936* | VAu 1-480-655 | |

| | | | |
|---|---|---|---|
| *Christ and the Children 1947* | VAu 1-480-657 |  |  |

40.    Upon information and belief, the Disputed Church Works are available for sale and have been sold throughout the United States, including in the State of California and this judicial district.

41.    Upon information and belief, neither Minerva Teichert nor the Teichert Estate have ever given permission or licensed to The Church any rights to any of the Registered Works, including without limitation the rights to reproduce, distribute and display any of the Registered Works, and therefore The Church's unauthorized reproduction, display and distribution of exact copies of at the very least the Disputed Church Works identified above is a direct violation and infringement of the Teichert Estate's copyrights in the relevant Registered Works.

42.    Upon information and belief, The Church has used Minerva Teichert's name, image, photo and/or likeness without authorization in association with the advertising, marketing, offering for sale and/or sale of the Disputed Church Works.

43.    The Church's unauthorized reproduction, distribution, display, offering for sale and/or sale of the Disputed Church Works have caused, and are likely to continue to cause, irreparable harm to the Teichert Estate and unless The Church is enjoined, the Teichert Estate will continue to be harmed, including but not limited to incurring significant monetary damage.

### BYU and BYU MOA

44.    BYU is a private university founded by religious leader Brigham Young and directly affiliated with The Church.

45.     Upon information and belief, The Church is the parent company of BYU.

46.     According to its website (https://www.byu.edu/about), "The mission of Brigham Young University – founded, supported, and guided by The Church of Jesus Christ of Latter-day Saints – is to assist individuals in their quest for perfection and eternal life."

47.     The BYU Museum of Art is BYU's primary art museum and features works by several well-known artists including Carl Bloch, Maynard Dixon, Rembrandt, Norman Rockwell, and Minerva Teichert in its permanent collection.

48.     At the very least, through the BYU Museum of Art store, BYU offers for sale and sells prints of a number of Minerva Teichert's artwork.

49.     For example, the following works are offered for sale and sold via the BYU Museum of Art store's online catalog: *Christ in the Red Robe*, *Rescue of the Lost Lamb*, *Beasley Pioneer Band*, *Handcart Pioneers*, *Madonna of 1847*, *Betty and the Seagulls*, and *Christ and the Children* (collectively, the "**Disputed BYU Works**") (screenshots from the BYU Museum of Art store's online listings for the Disputed BYU Works for purchase are attached hereto as **Exhibit C**).

50.     The following is a chart comparing the Disputed BYU Works to the relevant Registered Works:

| Title of Registered Work | Registration No. | Registered Work | Disputed BYU Work |
|---|---|---|---|
| *Christ in the Red Robe* | VAu 1-422-606 |  |  |



| Queen Esther (II) | VAu 1-426-210 | | |
| Rescue of the Lost Lamb | VAu 1-426-204 | | |
| Washday on the Plains 1938 | VAu 1-482-954 | | |
| Jesus with Mary and Martha 1941 | VAu 1-482-929 | | |
| The Miracle of the Gulls 1935 | VAu 1-482-656 | | |

| | | | |
|---|---|---|---|
| *Night Raid 1941* | VAu 1-481-781 |  |  |

51.    Upon information and belief, the Disputed BYU Works are available for sale and have been sold throughout the United States, including in the State of California and this judicial district.

52.    Upon information and belief, neither Minerva Teichert nor the Teichert Estate have ever given permission or licensed to BYU or the BYU Museum of Art any rights to any of the Registered Works, including without limitation the rights to reproduce, distribute and display any of the Registered Works, and therefore BYU's and the BYU Museum of Art's unauthorized reproduction, display and distribution of exact copies of at the very least the Disputed BYU Works identified above is a direct violation and infringement of the Teichert Estate's copyrights in the relevant Registered Works.

53.    Upon information and belief, BYU and the BYU Museum of Art have used Minerva Teichert's name, image, photo and/or likeness without authorization in association with the advertising, marketing, offering for sale and/or sale of the Disputed BYU Works.

54.    BYU's and the BYU Museum of Art's unauthorized reproduction, distribution, display, offering for sale and/or sale of the Disputed BYU Works have caused, and are likely to continue to cause, irreparable harm to the Teichert Estate and unless BYU and the BYU Museum of Art are enjoined, the Teichert Estate will continue to be harmed, including but not limited to incurring significant monetary damage.

***Deseret Management and Deseret Book***

55.    According to its website (https://www.deseretmanagement.com/), Deseret Management is a global operating company, managing for-profit entities affiliated with The Church.

56.    Upon information and belief, Deseret Management is the owner and manager of Deseret Book.

57.    Deseret Book provides content and lifestyle products for the purpose of supporting members of The Church through its retail and publishing imprints.

58.    At the very least, through the Deseret Book website, Deseret Book offers for sale and sells prints and other products featuring Minerva Teichert's artwork.

59.    For example, Deseret Book offers for sale and sells products, namely, framed prints and puzzles, featuring the following works: *Queen Esther (I)* and *Rescue of the Lost Lamb* (collectively, the "**Disputed Deseret Works**") (screenshots from the Deseret Book website for the Disputed Deseret Works for purchase are attached hereto as **Exhibit D**).

60.    The following is a chart comparing the Disputed Deseret Works to the relevant Registered Works:

| **Title of Registered Work** | **Registration No.** | **Registered Work** | **Disputed Deseret Work** |
|---|---|---|---|
| *Queen Esther (I)* | VAu 1-426-196 |  |  |

| | | | |
|---|---|---|---|
| *Rescue of the Lost Lamb* | VAu 1-426-204 |  | |

61.    Upon information and belief, the Disputed Deseret Works are available for sale and have been sold throughout the United States, including in the State of California and this judicial district.

62.    Upon information and belief, Deseret Book has four physical storefronts in the State of California, including in Costa Mesa, Redlands and Upland, California, which are located in this judicial district.

63.    Upon information and belief, Deseret Book sources the prints used to create the Disputed Deseret Works from The Church.

64.    Upon information and belief, neither Minerva Teichert nor the Teichert Estate have ever given permission or licensed to Deseret Management or Deseret Book any rights to any of the Registered Works, including without limitation the rights to reproduce, distribute and display any of the Registered Works, and therefore Deseret Management's and Deseret Book's unauthorized reproduction, display and distribution of exact copies of at the very least the Disputed Deseret Works identified above is a direct violation and infringement of the Teichert Estate's copyrights in the relevant Registered Works.

65.     Upon information and belief, Deseret Management and Deseret Book have used Minerva Teichert's name, image, photo and/or likeness without authorization in association with the advertising, marketing, offering for sale and/or sale of the Disputed Deseret Works.

66.     Deseret Management's and Deseret Book's unauthorized production, distribution, offering for sale and/or sale of the Disputed Deseret Works have caused, and are likely to continue to cause, irreparable harm to the Teichert Estate and unless Deseret Management and Deseret Book are enjoined, the Teichert Estate will continue to be harmed, including but not limited to incurring significant monetary damage.

### *Latter-day Home*

67.     Latter-day Home is a website, available at https://www.latterdayhome.com/, that promotes and sells art and home décor related to the Latter-day Saint faith.

68.     Upon information and belief, Latter-day Home has recently been purchased by Deseret Management.

69.     At the very least, through its website, Latter-day Home offers for sale and sells prints of Minerva Teichert's artwork.

70.     For example, Latter-day Home currently offers a print of the work *Rescue of the Lost Lamb* (the "**Disputed Latter-day Home Work**") (a screenshot from the Latter-day Home website for the Disputed Latter-day Home Work for purchase is attached hereto as **Exhibit E**).

71.     The following is a chart comparing the Disputed Latter-day Home Work to the relevant Registered Work:

| Title of Registered Work | Registration No. | Registered Work | Disputed Latter-day Home Work |
|---|---|---|---|
| *Rescue of the Lost Lamb* | VAu 1-426-204 |  |  |

72. Upon information and belief, the Disputed Latter-day Home Work is available for sale and has been sold throughout the United States, including in the State of California and this judicial district.

73. Upon information and belief, Latter-day Home sources the prints used to create the Disputed Latter-day Home Work from The Church.

74. Upon information and belief, neither Minerva Teichert nor the Teichert Estate have ever given permission or licensed to Latter-day Home any rights to any of the Registered Works, including without limitation the rights to reproduce, distribute and display any of the Registered Works, and therefore Latter-day Home's unauthorized reproduction, display and distribution of exact copies of at the very least the Disputed Latter-day Home Work identified above is a direct violation and infringement of the Teichert Estate's copyrights in the relevant Registered Work.

75. Upon information and belief, Latter-day Home has used Minerva Teichert's name, image, photo and/or likeness without authorization in association with the advertising, marketing, offering for sale and/or sale of the Disputed Latter-day Home Work.

76. Latter-day Home's unauthorized reproduction, distribution, display, offering for sale and/or sale of the Disputed Latter-day Home Work have caused, and are likely to continue to cause, irreparable harm to the Teichert Estate and unless

Latter-day Home is enjoined, the Teichert Estate will continue to be harmed, including but not limited to incurring significant monetary damage.

## COUNT I
## Copyright Infringement under the Copyright Act
### (17 U.S.C. § 501(a))

77.    The Teichert Estate re-alleges the allegations contained in Paragraphs 1 through 76, as though fully set forth herein.

78.    The Teichert Estate is the owner of the Registered Works, which are embodied in the Registrations.

79.    The Teichert Estate has the exclusive right to reproduce, distribute, display, perform, create derivative works of and use the Registered Works.

80.    Upon information and belief, Defendants have actual notice of the Teichert Estate's rights in and to the Registered Works and corresponding Registrations.

81.    Defendants failed to obtain the Teichert Estate's consent or authorization to use, reproduce, copy, display, distribute, sell and/or market any of the Registered Works embodied in the Registrations.

82.    Defendants, without permission, knowingly and intentionally reproduced, copied, displayed, distributed, sold and/or marketed one or more of the Registered Works, and/or at a minimum, substantially similar works to one or more of the Registered Works, by, at a minimum, marketing, advertising, promoting, selling, offering for sale, distributing and/or supplying their respective Disputed Church Works, Disputed BYU Works, Disputed Deseret Works and Disputed Latter-day Home Work (collectively herein the "**Disputed Works**" or "**Defendants' Disputed Works**").

83.    Defendants' unlawful and willful actions constitute infringement of one or more of the Registered Works, including the Teichert Estate's rights, at the very

least, to reproduce and distribute certain Registered Works in violation of 17 U.S.C. § 501(a).

84.    Defendants' knowing and intentional copyright infringement of one or more of the Registered Works has caused substantial and irreparable harm to the Teichert Estate and unless enjoined, Defendants will continue to cause substantial and irreparable harm to the Teichert Estate for which the Teichert Estate has no adequate remedy at law.

85.    The Teichert Estate is therefore entitled to injunctive relief under 17 U.S.C. § 502, the Teichert Estate's actual damages, and Defendants' profits in an amount to be proven at trial, as well as enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement under 17 U.S.C. § 504, and reasonable attorneys' fees and costs.

<u>COUNT II</u>
**False Endorsement and Unfair Competition Under the Lanham Act**
**(15 U.S.C. § 1125(a))**

86.    The Teichert Estate re-alleges the allegations contained in Paragraphs 1 through 85, as though fully set forth herein.

87.    The Teichert Estate is the owner of any and all rights associated with Minerva Teichert's name, image, photo and likeness.

88.    Defendants have used Minerva Teichert's name, image, photo and/or likeness without permission in connection with the marketing and promotion of their respective Disputed Works.

89.    Defendants' unauthorized uses constitute false or misleading representations of fact to falsely imply an endorsement by or association with Minerva Teichert and the Teichert Estate of the Disputed Works and Defendants.

90.    Defendants' unauthorized uses of Minerva Teichert's name, image, photo and/or likeness are likely to confuse and deceive consumers as to Minerva

Teichert's and the Teichert Estate's sponsorship, endorsement, and/or approval of Defendants and the Disputed Works.

91.    Specifically, Defendants' use of Minerva Teichert's name, image, photo and/or likeness is likely to cause consumers to mistakenly believe that the Teichert Estate is associated with Defendants, or that the Teichert Estate sponsors, endorses, or approves of Defendants' Disputed Works or their respective businesses.

92.    Defendants' wrongful acts are likely to have misled, confused, and/or deceived consumers, and are likely to continue to mislead, confuse, and/or deceive consumers, by, among other things, willfully and intentionally creating a false impression that Defendants' Disputed Works are, or were, sponsored, endorsed, approved, affiliated, or associated with the Teichert Estate.

93.    As a direct and proximate result of the acts of false endorsement and unfair competition set forth above, the Teichert Estate has suffered actual damages in an amount to be proven at trial.

94.    The Teichert Estate is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false, misleading, or unfair acts.

95.    Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling the Teichert Estate to an award of attorneys' fees and costs.

96.    The Teichert Estate is informed and believes, and based thereon alleges, that Defendants committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that the Teichert Estate endorses Defendants' Disputed Works and businesses.  Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that the Teichert Estate is entitled to an award of treble damages.

97. Defendants' violations alleged herein are continuing, have caused irreparable injury to the Teichert Estate, and, unless restrained and enjoined, will cause irreparable injury to the Teichert Estate for which it has no adequate remedy at law.

### COUNT III
### Unfair Competition in Violation of California Statutory Law
### (Cal. Bus. & Prof. Code §§ 17200, et seq.)

98. The Teichert Estate re-alleges the allegations contained in Paragraphs 1 through 97, as though fully set forth herein.

99. The acts and practices of Defendants as set forth above constitute unfair, unlawful, wrongful, and fraudulent business practices in violation of California's Unfair Competition Law, Business and Professions Code §§ 17200, et seq.

100. As a direct and proximate result of Defendants' unfair business practices, as set forth herein, the Teichert Estate has lost money or property, and has suffered, and will continue to suffer, injury in fact in an amount to be proven at trial.

101. The Teichert Estate seeks restitution of all amounts wrongfully obtained by Defendants as a result of the aforementioned conduct.

102. Defendants have engaged, and are continuing to engage, in unfair competition as prohibited by California Business and Professions Code §§ 17200, et seq., including without limitation engaging in the aforementioned acts and practices which are unfair, unlawful, fraudulent, substantially injurious to the general public, and offensive to public policy.

103. Defendants' violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to the Teichert Estate for which it has no adequate remedy at law.

### COUNT IV
### Unfair Competition in Violation of California Common Law

104. The Teichert Estate re-alleges the allegations contained in Paragraphs 1 through 103, as though fully set forth herein.

COMPLAINT

105.  Defendants' misappropriation and unauthorized use of Minerva Teichert's name, image, photo and/or likeness in connection with the marketing and promotion of their respective Disputed Works is likely to confuse or mislead consumers into believing that such products or works are authorized, licensed, affiliated, sponsored, and/or approved by the Teichert Estate, constituting unfair competition in violation of common law of the state of California.

106.  Upon information and belief, Defendants knew, or should have known, that the Disputed Works are unauthorized and that they did not have permission to use Minerva Teichert's name, image, photo and/or likeness in connection with the marketing and promotion of the Disputed Works.

107.  Defendants' wrongful acts are likely to have misled, confused, and/or deceived consumers, and are likely to continue to mislead, confuse, and/or deceive consumers, by, among other things, willfully and intentionally creating a false impression that Defendants' Disputed Works are, or were, authorized or otherwise, sponsored, endorsed, approved, affiliated, or associated with the Teichert Estate.

108.  Upon information and belief, Defendants' unfair business practices were willfully undertaken with full knowledge of the Teichert Estate's rights and with the intent to misappropriate the same.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

109.  As a direct and proximate result of Defendants' unfair business practices, as set forth herein, the Teichert Estate has lost money or property, and has suffered, and will continue to suffer, injury in fact in an amount to be proven at trial, and the Teichert Estate is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendants' unfair competition, and all gains, profits and advantages obtained by Defendants as a result of their unlawful acts.

110.    The Teichert Estate has also suffered irreparable harm to its reputation and loss in market exclusivity due to Defendants' unfair competition, and unless enjoined by this Court, Defendants will continue their unfair and/or unlawful business practices, thereby also continuing to cause the Teichert Estate irreparable harm for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tim Teichert, as Personal Representative of the Estate of Minerva Teichert, respectfully requests that this Court:

i.    Immediately, preliminarily, and permanently enjoin Defendants, and all persons acting in concert with them, including without limitation their officers, directors, employees, contractors, and all affiliates and any and all current or potential business partners, and all persons purporting to act on their behalf or in active concert or in participation with them, from using or preparing to use the Teichert Estate's copyrights, including but not limited to the Registered Works as embodied in the Registrations, as well as any substantially similar works, that will violate or infringe the Teichert Estate's rights, and require Defendants and the participating persons to immediately and permanently discontinue their current infringing practices.

ii.    Immediately, preliminarily, and permanently enjoin Defendants, and all persons acting in concert with them, including without limitation their officers, directors, employees, contractors, and all affiliates and any and all current or potential business partners, and all persons purporting to act on their behalf or in active concert or in participation with them, from using or preparing to use Minerva Teichert's name, image, photo and likeness without the Teichert Estate's express consent.

iii.    Order Defendants to immediately collect and provide to the Teichert

Estate, at Defendants' sole and exclusive expense, any and all inventory and versions of the Disputed Works, or any substantially similar works, in their possession, custody or control, wherever in the world they are located.

    iv.    Order Defendants to immediately prepare and provide to the Teichert Estate, at Defendants' sole and exclusive expense, a report and accounting of all uses, distributions, and revenue realized, or that Defendants expect to realize, related to or derived from the Disputed Works.

    v.    Enter judgment in favor of the Teichert Estate on each and every count asserted herein and award the Teichert Estate all monetary damages caused by the acts forming the basis of this Complaint, including, without limitation, the Teichert Estate's actual damages, Defendants' profits and other damages as alleged herein.

    vi.    In the alternative and at the Teichert Estate's election, to the extent applicable, award statutory damages to the Teichert Estate pursuant to 17 U.S.C. § 504(c) due to Defendants' willful, knowing, and intentional infringement of the Registered Works.

    vii.    Order Defendants to pay the Teichert Estate the costs of this action and the Teichert Estate's reasonable attorneys' fees and expenses pursuant to 15 U.S.C. § 1117(a), and any other applicable statutes or authority.

    viii.    Award the Teichert Estate such further relief as the Court deems just, proper, and equitable.

## **JURY DEMAND**

The Teichert Estate hereby demands a trial by jury of all issues so triable.

Dated:  January 30, 2023

Respectfully submitted,

**NIXON PEABODY LLP**

By:___*/s/ Erica J. Van Loon*_____

Erica J. Van Loon (Bar No. 227712)
evanloon@nixonpeabody.com
Andrew H. Winetroub (Bar No. 291847)
awinetroub@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: (213) 629-6000
Fax: (213) 629-6001

David L. May (*Pro Hac Vice application forthcoming*)
dmay@nixonpeabody.com
Jennette W. Psihoules (*Pro Hac Vice application forthcoming)*
jpsihoules@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Plaintiff Tim Teichert, Personal Representative of the Estate of Minerva Teichert*

COMPLAINT